FILED

May 31 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0725

DA 15-0725

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 134N

IN RE THE MARRIAGE OF:

NOEL DOUGLAS HARRISON-SIMMONS,

        Petitioner and Appellant,

    v.

YOSHIE BARNETT (f/k/a YOSHIE
(ODAGIRI) HARRISON-SIMMONS,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DR-2011-39
Honorable Jon A. Oldenburg, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        William M. Gilbert, High Plains Law, PLLC, Billings, Montana

        For Appellee:

        Thomas C. Orr, Thomas C. Orr Law Offices, Missoula, Montana

Submitted on Briefs:  May 4, 2016

Decided:  May 31, 2016

Filed:

_____
                Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Noel Harrison-Simmons appeals from the District Court's Findings of Fact, Conclusions of Law and Order filed September 14, 2015. We affirm.

¶3 The District Court's decree in 2012 dissolved the parties' marriage. That decree incorporated a property settlement agreement between the parties. One provision of the stipulated agreement required Noel to remove Yoshie's name and liability from certain debts incurred during the marriage, including debts to Navy Federal Credit Union in the amounts of $9,774.13 and $30,119.56. By 2015 Noel had not complied and Yoshie received demands for payment from Navy Federal and then from attorneys attempting to collect on the debts. Yoshie was concerned with maintaining her credit rating and reached an agreement with the collection attorneys that required her to make monthly payments on the debts.

¶4 Yoshie initiated the present proceeding requesting that Noel be held in contempt for failure to comply with the decree of dissolution; that he be ordered to remove Yoshie's obligation from the Navy Federal debts; that he be ordered to pay Yoshie's attorney fees; and that the District Court grant such other relief as it deemed proper. The

2

District Court held an evidentiary hearing on July 24, 2015. Yoshie testified to her continuing exposure to the Navy Federal debts and the payments she made on those debts to avoid further exposure. Noel testified and admitted that he had not paid the Navy Federal debts and had failed to refinance to remove Yoshie's obligation. Noel also testified that he hired an attorney to work out the Navy Federal debts, but the effort had not been successful.

¶5 The District Court did not hold Noel in contempt, but in the September 15, 2015 order required him to remove Yoshie from the Navy Federal obligation within 45 days and to reimburse Yoshie for the payments she made on the debts. The District Court also ordered Noel to pay Yoshie's attorney fees. In November 2015 Yoshie filed a motion seeking enforcement of the District Court's order, contending that Noel had done nothing to comply. Noel's appeal intervened.

¶6 On appeal Noel contends that the District Court lacked jurisdiction to order relief without first holding him in contempt; that the District Court wrongfully awarded relief based upon facts not set out in the pleadings seeking contempt; and that the order is not supported by substantial evidence.

¶7 We find no authority in the law or basis in the facts to support Noel's contentions. Noel does not contest his obligations regarding the Navy Federal debts. He agreed to assume liability for the obligations as part of the 2012 dissolution decree, but has failed to do so. This failure exposed Yoshie to continuing liability and demands arising from those debts. Noel also agreed in 2012 to indemnify Yoshie from all "damages, costs and expenses, including reasonable attorney fees" that she might incur as a result of any

3

failure to comply with the obligations under the property settlement. Yoshie testified without contradiction as to her exposure to the debts and the payments she made on them.

¶8      The District Court had both jurisdiction and authority to enforce the obligations of the property settlement agreement that was incorporated into the decree of dissolution, whether or not Noel was held in contempt. *Simpson v. Simpson*, 2013 MT 22, ¶ 23, 368 Mont. 315, 294 P.3d 1212. A district court has continuing jurisdiction in matters of property disposition arising from a dissolution of marriage. *Lee v. Lee*, 2000 MT 67, ¶ 49, 299 Mont. 78, 996 P.2d 389.

¶9      We affirm the District Court. We further grant Yoshie's request for attorney fees and costs on appeal. She is entitled to reimbursement for those fees and costs under the property settlement agreement. *Cadena v. Fries*, 2015 MT 90, ¶ 26, 378 Mont. 409, 346 P.3d 347; M. R. App. P. 19. We remand to the District Court for a determination of Yoshie's attorney fees on appeal.

¶10     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, this case presents a question controlled by settled law.

¶11     Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JIM RICE

4